Joseph J. Barker (JB-9734)
John Wiley & Sons, Inc.
jobarker@wiley.com
111 River Street
Hoboken, New Jersey 07030
T: (201) 748-7862
F: (201) 748-6500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
PATIENT CARE ASSOCIATES LLC
a/s/o C.B.,
Plaintiff

**Case No. 2:13-cv-02804-DMC-JAD**

v.

**ANSWER**

JOHN WILEY & SONS, INC., ABC CORP.
(1-10) (said names being fictitious and
unknown entities)
Defendants.
-----------------------------------------------------------x

Defendant John Wiley & Sons, Inc. ("Wiley"), by its undersigned attorneys, answers Patient Care Associates LLC's ("Patient Care" or "Plaintiff") complaint as follows:

**THE PARTIES**

1. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and therefore denies them.

2. Wiley admits that it is engaged in the business of publishing and maintains a principal place of business in Hoboken, New Jersey.

3. Wiley admits that it conducts business in New Jersey and denies the remainder of the allegations in Paragraph 3.

4. Wiley admits that offers health insurance plans to its employees but denies the remainder of the allegations in paragraph 4.

5. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore denies them.

6. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 and therefore denies them.

## SUBSTANTIVE ALLEGATIONS

7. Wiley denies the allegations in Paragraph 7.

8. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 and therefore denies them.

9. Wiley denies the allegations in Paragraph 9.

10. Wiley denies the allegations in Paragraph 10.

11. Wiley denies the allegations in Paragraph 11.

12. Patient Care has not pleaded any allegations in Paragraph 12, which therefore does not require a response. To the extent that there are allegations in Paragraph 12, Wiley denies them.

13. Wiley denies the allegations in Paragraph 13.

14. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and therefore denies them.

15. Patient Care has not pleaded any allegations in Paragraph 15, which therefore does not require a response. To the extent that there are allegations in Paragraph 15, Wiley denies them.

## FIRST COUNT
## (Violation of ERISA)

16. Wiley repeats and realleges its responses set forth in paragraphs 1 to 15 as if fully set forth herein.

17. Wiley admits the allegations in Paragraph 17.

18. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and therefore denies them.

19. Wiley denies the allegations in Paragraph 19.

20. Wiley denies the allegations in Paragraph 20.

21. Wiley denies the allegations in Paragraph 21.

22. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and therefore denies them.

23. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore denies them.

24. Wiley denies the allegations in Paragraph 24.

25. Wiley denies the allegations in Paragraph 25.

26. Wiley denies the allegations in Paragraph 26.

27. Wiley denies the allegations in Paragraph 27.

28. Wiley denies the allegations in Paragraph 28.

29. Wiley denies the allegations in Paragraph 29.

**SECOND COUNT**
**(ERISA-Breach of Fiduciary Duty)**

30. Wiley repeats and realleges its responses set forth in paragraphs 1 to 29 as if fully set forth herein.

31. Wiley denies the allegations in Paragraph 31.

32. Wiley denies the allegations in Paragraph 32.

33. Wiley denies the allegations in Paragraph 33.

34. Wiley denies the allegations in Paragraph 34.

35. Wiley denies the allegations in Paragraph 35.

36. Wiley denies the allegations in Paragraph 36.

## THIRD COUNT
## (Negligent Misrepresentation)

37. Wiley repeats and realleges its responses set forth in paragraphs 1 to 36 as if fully set forth herein.

38. Wiley denies the allegations in Paragraph 38.

39. Wiley denies the allegations in Paragraph 39.

40. Wiley denies the allegations in Paragraph 40.

41. Wiley denies the allegations in Paragraph 41.

## FOURTH COUNT

42. Wiley repeats and realleges its responses set forth in paragraphs 1 to 41 as if fully set forth herein.

43. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and therefore denies them.

## DEFENSES

By alleging the separate and additional defenses set forth below, Wiley is not agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST DEFENSE

44. The Complaint fails to state a claim.

## SECOND DEFENSE

45. The Complaint is barred because the applicable administrative procedures and conditions precedent were not properly effectuated, complied with or exhausted prior to the commencement of this action.

**THIRD DEFENSE**

46. The claims are not ripe for adjudication.

**FOURTH DEFENSE**

47. The claims are barred by accord and satisfaction.

**FIFTH DEFENSE**

48. The claims are barred by the doctrine of payment.

**SIXTH DEFENSE**

49. The Plaintiff has waived its claims.

**SEVENTH DEFENSE**

50. The Plaintiff is estopped from making its claims.

**EIGHTH DEFENSE**

51. The claims are barred by laches.

**NINTH DEFENSE**

52. The claims are barred by the statute of limitations.

**TENTH DEFENSE**

53. Plaintiff's non-ERISA claims are pre-empted by ERISA.

WHEREFORE, Wiley respectfully requests that:

a. Plaintiff's Complaint be dismissed in its entirety;

b. Wiley be awarded its costs, including its reasonable attorneys' fees, and;

c. The Court award such other relief as it deems just and proper.

Respectfully submitted this 8th day of May, 2013

By: /s/ Joseph J. Barker

Joseph J. Barker
John Wiley & Sons, Inc.
jobarker@wiley.com
111 River Street
Hoboken, New Jersey 07030
T: (201) 748-7862
F: (201) 748-6500